**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 24-cr-113-NYM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. CARIE L. HALLFORD**,

    Defendant.

---

**SECOND UNOPPOSED MOTION TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

    Ms. Carie Hallford, through undersigned defense counsel, Robert Charles Melihercik, Melihercik Law LLC, respectfully makes this second unopposed motion requesting this Honorable Court for an Order excluding 180 days from the Speedy Trial Act computations per 18 U.S.C. § 3161(h)(7)(A). In support of this request, Ms. Hallford states the following:

**Conferral and Current Speedy Trial Clock Calculations**

1.    On March 5, 2025, defense counsel conferred with Assistant U.S. Attorneys Tim Neff and Craig Fansler regarding this motion. They stated that the government does not oppose this request.

2.    Ms. Hallford made her initial appearance on April 15, 2024. On May 24, 2024, defense counsel filed an *Unopposed Motion to Exclude Time, For Complex Case Designation, and For Status Conference*. ECF No. 36. That motion stopped the clock and

1

started a period of excludable time originally set to expire on October 22, 2024. ECF No. 37; 18 U.S.C. § 3161(h)(1)(D), (H). The Court, along with other findings, found the instant case to be "complex" within the meaning of the statute and extended the 70-day clock. ECF No. 37.

3.  On September 12, 2024, Ms. Hallford filed a notice of disposition. ECF No. 41. On October 24, 2024, the Court conditionally accepted the plea but went on to ultimately reject the proposed plea on February 24, 2025. ECF Nos. 48 and 80. On March 4, 2025, Ms. Hallford withdrew her plea of guilty, thereby, deeming her indicted with respect to all charges. 18 U.S.C. § 3161(i); ECF No. 86.

4.  Accordingly, the parties believe that 39 of 70 days have elapsed and the current 70-day "trial clock" expires on April 4, 2025.

## Applicable Legal Standards

5.  18 U.S.C. § 3161(h)(7)(A) authorizes the Court to exclude time from the limitations set forth in the Speedy Trial act where the ends of justice served by the delay outweigh the interests of the public and the defendant in a speedy trial.

6.  Statutory factors for the Court to consider include whether failing to grant the motion would "result in a miscarriage of justice" or "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv). The complexity of the case is another factor to be considered. *Id.* at (B)(ii).

7.  For further assistance in evaluating the merits of these motions, Courts often seek guidance from *United States v. West*, where the Tenth Circuit Court of Appeals

applied four factors in deciding whether a denial of a continuance had been arbitrary or unreasonable. *United States v. West*, 828 F.2d 1468 (10th Cir. 1987). That decision considered: (1) the diligence of the requesting party, (2) the usefulness of the continuance, (3) the inconvenience to the opposing party and the Court, and (4) the prejudice if the request is denied. *West*, 828 F.2d at 1470. No single factor is determinative, and the weight given to any one factor may vary. *Id.*

8.  When ruling on this motion "the preferred practice is for the district court to make its findings on the record at the time the continuance is granted." *U.S. v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). Further, "[a] record consisting of only short, conclusory statements lacking in detail is insufficient." *Id.* at 1271.

### Argument

9.  Defense counsel, unopposed by the government, believes the ends of justice that would be served by granting this motion outweigh the best interests of the public and Ms. Hallford in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

10. The case remains complex due to a variety of factors. 18 U.S.C. § 3161(h)(7)(B)(ii). The breadth of the factual allegations, interconnected with the state prosecution, as well as the amount of discovery (e.g., some 68,000 pages of reports, hours of surveillance video, body camera footage, *etc*.) contribute to the density of the case.

11. Up to this point, defense counsel has spent the vast majority of its time reviewing discovery, negotiating, conducting client meetings, and preparing plea and sentencing-related materials. As far back as early September of 2024, both sides believed the case had resolved. Therefore, it has been many months since counsel examined the various

trial-related issues. Moreover, certain parts of discovery will need to be re-reviewed in preparation for trial. Both parties must now prepare pre-trial motions, including navigating potential impacts of from the co-defendant's decision to plead guilty. Defense counsel will continue to diligently represent Ms. Hallford but fears that denying this motion would be to deny the time reasonably necessary for effective pre-trial and trial preparations. 18 U.S.C. § 1361(h)(7)(B)(iv).

12.     Turning to the guidance from *West*, both parties have confidence that the requested amount of time would be extremely useful in allowing for diligent pre-trial preparations without excessively inconveniencing the potential witnesses or the Court. *West*, 828 F.2d at 1470. Without the time requested to adequately prepare its case, defense counsel believes Ms. Hallford, and the government for that matter, may be prejudiced by a miscarriage of justice. *Id*. and 18 U.S.C. § 3161(h)(7)(B)(i).

## Conclusion

13.     Based on the arguments *supra* and her belief that the ends of justice would best be served by granting this motion, Ms. Hallford respectfully requests that 180 days be excluded from the Speedy Trial Act calculation. 18 U.S.C. § 3161(h)(7)(A).

                                                Respectfully submitted,


Dated:  March 6, 2025            s/Robert Charles Melihercik
                                                **Robert Charles Melihercik**
                                                Melihercik Law LLC
                                                7765 Wadsworth Blvd., #746327
                                                Arvada, CO, 80006
                                                Phone:  720-7078-2852
                                                Email:  chaz@meliherciklaw.com
                                                *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify on March 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

      s/ Robert Charles Melihercik
      **Robert Charles Melihercik**